Filed 6/27/13  In re Anthony B. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re ANTHONY B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | G047230 |
| Plaintiff and Respondent, | (Super. Ct. No. DL041617) |
| v. | O P I N I O N |
| ANTHONY B., | |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Jacki C. Brown, Judge.  Affirmed.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

# I.

## Introduction

After Anthony B. (the Minor) admitted allegations of assault and battery against his father, the juvenile court ordered that he remain a ward of the court subject to supervised probation, with the condition he complete "the functional equivalent of the batterers' treatment program which is to include substance abuse component." The Minor argues that condition was unauthorized because Penal Code section 1203.097 (section 1203.097), which authorizes a court to condition probation on completion of a batterer's treatment program, does not apply to juvenile adjudications.

We do not reach the issue whether section 1203.097 applies to juvenile adjudications because, we conclude, the juvenile court had discretion under Welfare and Institutions Code section 730, subdivision (b) to condition probation on completion of a batterer's treatment program. We therefore affirm.


# II.

## Background

In November 2011, the Orange County District Attorney filed a petition to declare the Minor a ward of the court pursuant to Welfare and Institutions Code section 602, based on allegations the Minor committed misdemeanor battery (Pen. Code, § 242) against Nancy F. A second petition was filed in March 2012, alleging the Minor committed two counts of petty theft (*id*., §§ 484, subd. (a), 488).

In April 2012, the Minor waived his rights and admitted the allegations of both petitions. The juvenile court declared the Minor to be a ward of the court under Welfare and Institutions Code section 602 with the maximum term of confinement fixed at 10 months. The court ordered the Minor to serve four days in a juvenile institution, with credit for four days, followed by supervised probation and release to a parent.

2

In July 2012, the district attorney filed a petition subsequent, alleging the Minor committed one count of misdemeanor assault (Pen. Code, § 240) and one count of misdemeanor battery (*id*., § 242) against his father, Michael B. The Minor, who was 17 years of age when the petition subsequent was filed, admitted the allegations of both counts. In the dispositional order, the juvenile court ordered that the Minor continue as a ward of the court, fixed the maximum term of confinement at six months, and ordered him to serve 20 days in a juvenile institution with credit for 19 days followed by supervised probation.

The juvenile court ordered, as a condition of probation, that the Minor "complete the functional equivalent of the batterers' treatment program which is to include substance abuse component, testing for the purpose of substance abuse component." The court explained: "I do find that the provisions of the functional equivalent of a batterer's treatment program lasting at least 52 weeks is required by [section 1203.097] and his admission to this statute. And it is a crime. Albeit, it is not a conviction. It is not a judgment. But it is a disposition under a grant of probation. Therefore, I find that the terms of . . . section 1203.097 mandate my ordering the batterer's treatment program of those terms." The court stayed the order imposing completion of the batterer's treatment program, pending appeal. The Minor appealed from the dispositional order.

### III.

### Discussion

Section 1203.097, subdivision (a) states: "If a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code, the terms of probation shall include all of the following . . . ." Subdivision (a) of section 1203.097 then lists 12 such terms, the sixth of which is: "Successful completion of a batterer's program, as defined in subdivision (c), or if none is available, another

3

appropriate counseling program designated by the court, for a period not less than one year with periodic progress reports by the program to the court every three months or less and weekly sessions of a minimum of two hours class time duration. . . . " (§ 1203.097, subd. (a)(6).)

The Minor contends section 1203.097 does not apply to juvenile adjudications; the Attorney General argues it does. We do not address the issue. Welfare and Institutions Code section 730 applies to minors who have been adjudged wards of the court under Welfare and Institutions Code section 602. (Welf. & Inst. Code, § 730, subd. (a).) Section 730, subdivision (b) provides, in part: "The court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." Section 730, subdivision (b) grants the juvenile court broad discretion in setting the terms of probation in juvenile adjudications. (*In re P.A.* (2012) 211 Cal.App.4th 23, 33.)

As the Attorney General argues in her respondent's brief, the juvenile court acted within its discretion conferred by Welfare and Institutions Code section 730, subdivision (b) by ordering the Minor to complete a batterer's treatment program as a condition of probation. Completion of such a program was a reasonable condition: The Minor admitted allegations he committed one count of assault and one count of battery against his father, and had previously admitted committing one count of battery against Nancy F. Completion of a batterer's treatment program was directly related to the offenses committed and was "fitting and proper to the end that justice may be done and the reformation and rehabilitation of the [Minor] enhanced." (Welf. & Inst. Code, § 730, subd. (b).)

4

## IV.

## Disposition

The dispositional order is affirmed.


FYBEL, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.